## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| JAMES LYDON AND | ) | |
| DONNA M LYDON, | ) | CASE NO.: 24-12868-DJB |
|         Debtors | ) | |
| ~~~~~~~~~~~~~~~~~~~~~~ | ) | |
| ALLY CAPITAL, | ) | |
|         Movant | ) | |
|     vs. | ) | **LOCATION:** |
| | ) | 900 Market Street, Suite 400 |
| JAMES LYDON AND | ) | Courtroom No. 1 |
| DONNA M LYDON, | ) | Philadelphia, PA 19107 |
|         Respondent(s) | ) | |
|     and | ) | |
| | ) | |
| KENNETH E. WEST | ) | |
|         Trustee | ) | |

### STIPULATION RESOLVING ALLY CAPITAL'S MOTION FOR RELIEF FROM AUTOMATIC STAY

     This matter having been brought to the court on the Motion for Relief from Automatic Stay (Doc. 34) filed by Ally Capital, ("Movant"), in the above entitled and numbered case, regarding the 2019 Ford F-150 Crew Cab XLT EcoBoost 4WD 2.7L V6 Turbo, V.I.N. 1FTEW1EP3KFB56677 (the "Collateral"). The parties having resolved said motion as set forth in the below agreement of counsel and,

**IT IS THEREFORE STIPULATED THAT:**

1.     **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2.     **Current Monthly Payments**: Debtors shall continue to remit to Movant the regular post-petition monthly payments of $599.67, beginning April 26, 2025.

3. **Debtors are to pay post-petition arrearage in modified plan:** The parties stipulate that unpaid amount due post-petition total is $4,797.36 ("Arrearage"). Within 30 days of entry of this Stipulation, the Debtors must either (i) pay the Movant the Post-petition Arrearage; or (ii) file a proposed modification of the plan to add the arrearage in the plan. If the Debtors fail to file a modification or pay the Post-petition Arrearage and fail to do either, it is Final Default under this Stipulation.

4. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

5. **Conversion to Chapter 7:** The payment terms of this Stipulation shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Stipulation. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the note shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Stipulation.

6. **Default:** A default will occur in the event, (1) Movant does not receive a regular post-petition monthly payment by the due date as set forth above in paragraph 2, (2) Debtors fail to file modification of plan or pay the Movant post-petition arrearage, within 30 days of entry of this Stipulation, (3) Debtors default in making plan payments, (4) Debtors fail to keep the Collateral insured, or (5) Collateral is total loss. If Debtors default in any way under the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. Cure payments must be made by certified funds only and Movant may charge Debtors $50.00 for any

notice given pursuant to this Stipulation. If the account is not brought current within the fifteen-day period, Movant may be granted relief from the automatic stay imposed by 11 U.S.C. §362 as it relates to the Movant and the Collateral upon filing a Certification of Counsel that Debtors are in default, together with a proposed Order to the Bankruptcy Court, and serving copies of the same upon the Debtors, Debtors' counsel, and Chapter 13 Trustee. If the stay is terminated pursuant to this Stipulation, Movant shall be allowed to enforce all its rights and remedies in the Collateral as permitted under the Contract and State law, and if applicable, permitted to file an unsecured claim for any remaining deficiency balance.

It is further agreed that Movant may immediately enforce and implement any future Order granting relief from the Automatic Stay and the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of any future Order.

Additionally, upon default, Movant shall notify the Court, Debtors, Debtors' attorney, and the Chapter 13 Trustee that the Automatic Stay has been terminated. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED:   4/21/2025            /s/Brad J. Sadek
                                                  BRAD J. SADEK
                                                  Attorney for the Debtors

CONSENTED TO BY:

DATED:   4/21/2025            *Regina Cohen* (signature)
                                                  REGINA COHEN
                                                  Attorney for Ally Capital

CONSENTED TO BY:

DATED:   April 29, 2025        /s/ LeeAne O. Huggins
                                                  KENNETH E. WEST
                                                  Chapter 13 Trustee